IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY PENTON,                                    No. 2:12-CV-1737-KJM-CMK-P

    Petitioner,

  vs.                                              FINDINGS AND RECOMMENDATIONS

GARY SWARTHOUT,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2011. Pending before the court is respondent's unopposed motion to dismiss (Doc 13).

        Petitioner claims: (1) the denial of parole was not supported by "some evidence"; (2) the denial of parole was not supported by a nexus to current dangerousness; and (3) the application of "Marsy's Law," enacted after his conviction, to increase the time for reconsideration for parole, violates the Ex Post Facto clause. Respondent argues that the claims are not cognizable. Petitioner does not oppose, and the court agrees.

///

///

Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

In this case, petitioner claims that his federal due process rights were violated because the denial of parole was not based on "some evidence" or a nexus to his current dangerousness. As discussed above, it is not the place of the federal court to rule on how California's parole standard has been applied except to inquire as to the basic procedural guarantees. To the extent petitioner claims that he was denied procedural protections required by the federal constitution, the record clearly establishes that petitioner was provided with the basic Greenholtz protections of notice and an opportunity to be heard. Because the federal constitution requires nothing more in the parole context, the petition must be denied.

As to petitioner's claim that application of Marsy's Law to increase the time between parole review hearings, the court agrees with respondent that the claim should be dismissed because petitioner is a member of the class of inmates litigating the same issue in Gilman v. Fisher, 2:05-CV-0830-LKK-GGH.[1] See Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979) (affirming dismissal of claim repetitive of class action); see also Colt v. Swarthout, 2011 WL 47108054, at *2-3 (E.D. Cal. 2011).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).
The Gilman class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." Petitioner, who was sentenced to 17 years to life in 1981, is a member of this class.

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2013

                                                  **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE